13-1037, Mark Lombardo v. Kevin Ernst. Arguments not to exceed 15 minutes per side. Mr. Kashubsky for the appellant. Good afternoon, Your Honors. May it please the court, Mark Kashubsky on behalf of the appellant, Officer Kevin Ernst. I plan to file a claim in district court under both the 14th and 4th Amendment, claiming a violation of 1983. When the court looked over the case and did a hearing, the court dismissed the 14th Amendment claim after deliberating on the facts. However, Judge Tarnow, in his opinion from the bench, decided to allow the 4th Amendment claim to go forward. And it is that dispute that is before you today. Was the 14th Amendment claim just a substantive due process claim or something like that? Yes, it was, Your Honor. OK. Substantive due process claim, and it was befitting of the facts of the case. When we look at the case under a 4th Amendment analysis, the question is whether or not the 4th Amendment even applies under these facts. And the Dunnegan case, cited by the plaintiff, actually lends a little bit of support to our argument here in that it says that the 4th Amendment is intended to protect against and address the intentional misuse of power, not the accidental effects of otherwise lawful government conduct. That's important in this case under these facts because what happened here was clearly an accident. Officer Ernst had probable cause to approach a suspect who had been fleeing in the middle of the night after being found behind a bank and under the belief that perhaps he was involved in larceny from automobiles. But didn't the officer intentionally cause the suspect, if you will, to stop at a place and time where there was obvious danger? Didn't he order him or command him to stop at a time when he was still in the roadway? Yes, Your Honor, he did. He was crossing out. So the officer's intentional actions resulted in the? The difference between intentional actions, which all officers act with intent, versus unlawful action. What the officer did wasn't unlawful. You take the vehicle out of this equation. At the end of the day, nobody gets sued. There's no constitutional violation, and nor is there ever a requirement that a police officer, in his discretionary call, to try to essentially confront a plaintiff on a roadway because he's crossing a bridge. And if he gets to the other side, he can dart. He's just coming out from the woods on the other side. His tactical decision to move forward, that's the Fox v. DeSoto analysis. You can't take a 20-20 hindsight viewpoint. The fact that it was intentional isn't the issue. It's, is it unlawful? There's nothing unlawful in this situation for Officer Ernst to have stopped the plaintiff on the roadway. And in this brief 30 seconds that they were there, there's no question that Officer Ernst was just as surprised as Mr. Lombardo that a vehicle had come. In fact, if you looked at the video, and I know that you did, there's no traffic on this roadway. It's at 2.15 in the morning on a roadway that's in a business district. And the only car that comes southbound on that point, up to the point of that confrontation, over the time that Officer Ernst parks his car, to the time that he actually gets out of his car and confronts Mr. Lombardo, happens to be Mr. Green's automobile. The next car that comes is a truck that doesn't hit them or plow into them. It stops, and then it turns around and leaves. Other than that, there's no other vehicles on the road. So in that time frame, we're talking about one car in an area, which Officer Ernst testified that when he got up there, he looked north, didn't see the car. The videotape shows there were no cars coming down south on Van Dyke when he looked north. When he confronted the suspect, grabbed him by his shirt, tried to lead him back to the car. When he took him back to the car, as he was walking him back to the car, which is the proper place to go, by the way. And this is because on the roadway, in particular on this roadway, there's two options here. Go behind the vehicle or take him to the side shoulder where there's a small sidewalk, no shoulder, and a 30-foot drop with only a 2 and 1 half to 3-foot barrier. But the district court found, did they not, or held that there was a question of fact in all of this and there was sufficient to allow this to be heard by a jury, correct? Why is that wrong? Well, it's wrong for the first part because it goes back to the Fourth Amendment. Does the Fourth Amendment even apply in this situation? Do you get to the analysis that starts for number one? First, it's not unlawful conduct by what Officer Ernst did. There is no excessive force claim here. There is no claim that they didn't have a right to stop him. That's not at issue here. This is a claim. So your argument is that the only thing that's at issue here is a legal question and the court can make that legal determination and end it. Well, you can make that. That's my first argument, Your Honor, is that it's a legal determination. The fourth doesn't apply. In fact, Judge Daughtry in Davis v. Brady had a previous case very similar to the idea in this case where the concept here is- Tell us why Davis controls this particular situation. Sure, and the reason I think Davis is important here is because in Davis, there is a duty under the 14th Amendment, which is adequately protecting the plaintiff's rights here, that they're supposed to be put under some sort of protection by the officer. If the officer creates a danger- I'm not saying the officer didn't in this position, but let's say for purposes of the plaintiff's argument, the officer creates a danger here. The 14th Amendment applies under Davis. In fact, Judge Daughtry, you wrote that seizing an individual and actually having them in custody is what implicates the 14th Amendment and that the 14th Amendment right creates a duty that a police officer has some requirement to protect the individual from harm, unintentional harm. This is unintentional harm. This isn't a case where an officer struck somebody or used a taser on them. That's not this case at all. In fact, Mr. Lombardo testified that none of that happened. All that happened in this case is while they were in the process of detaining the suspect and taking them back to the car for safety, an unintended accident happened. A vehicle came and struck them at 215 at night, the only car on the roadway, for two or three minutes before the incident even occurred. And the testimony from all the witnesses were this was a complete surprise to everybody. Nobody saw this car coming. Even people who were located more southerly, looking north, didn't know the car was coming. So from that aspect, you look at it and say the 14th Amendment analysis is what applies here because this isn't an excessive force case. In fact, plaintiff has not shown a single case where there is a clearly established right under the Fourth Amendment to be free from being detained in the middle of a street. In fact, all of his cases are excessive force cases. And it's his burden to prove that. And Judge Tarnow respectfully punted to you guys. He basically said, I'm not going to make this call. I'm going to say under the Fourth if it applies, then yes. There's a question of fact. If it's the 14th, there's no question of fact here. I think it doesn't. Only the Fourth is in front of us today, right? Only the Fourth is in front of you today. This is sort of a negligence claim that they're attempting to assert in the vehicle of a Fourth Amendment argument. Correct, Your Honor. And I'll ask your opponent the same question. Are you aware of any case that has ever said that an officer has a particular, under the Constitution, the Fourth Amendment, has a particular duty of care in the manner in which he affects a seizure? No, not anything analogous to this case, Your Honor. I've looked high and dry because I wanted to find it in the closes I found. And in fact, it was argued in the district court vehemently by Mr. Weglasg, brother of counsel here, that the 14th Amendment applied, and that the facts applied, and Brady v. Davis applied, and that Judge Tarnow said, no, you don't get there under those facts. I'm sorry. That might be a harder argument for you, you know? The 14th? I don't know. I guess we're here to talk about the Fourth. It's the Fourth, exactly. I'm not sure why we're talking about the Fourth, but. You're right, Your Honor. And let's assume for the moment that there's a Fourth Amendment analysis to be made here. OK, well, is there a clearly defined right that an officer would know he's violating as a result of simply stopping somebody in the roadway, who put himself in the roadway, by the way? Don't forget, Officer Ernst didn't take him into the roadway or take him out of the roadway and bring him back. Officer Ernst stopped him where he was. Officer Ernst went up. He had a fully lit vehicle with his headlights on, the spotlight on, a blue car, a blue reflective paint and a white car underneath a streetlight, which Mr. Lombardo testified, it didn't surprise him at all. He knew there was a police vehicle that was coming. Our officer was trying to surprise him. That was his testimony. Under those facts, Officer Ernst gets out of the car and within 30 seconds is trying to detain him, get him out of the roadway, into the back of his vehicle. And even Mr. Green, the driver of the other vehicle, said, yep, I saw them walking towards the back of their car. And they were within 4 to 10 feet of the car. Another 10 seconds, another 5 seconds, this accident doesn't occur. But it's an accident, and that's the key. So when you're looking at Officer Ernst, even under a Fourth Amendment analysis, you still have to look at the question of whether or not his actions were reasonable. And even if they were, was a mistake reasonable in this situation? Was the idea that Officer Ernst looked north, didn't see a car, confirmed on the video, comes in, tries to get him out of the roadway within 30 seconds, is that reasonable conduct from an officer under these facts? I think it is. So even under a Fourth Amendment, under these facts, Judge Turnow, I think, respectfully, got it wrong. Now, this is not a case where there's an abuse of power. Again, this is an accident as a result of Officer Ernst's lawful conduct. That's a 14th Amendment, at best, argument to be made. It's not a Fourth Amendment. This is a negligence case. You are out of time. Out of time. But you'll have your five minutes. I will. Thank you. All right, let's hear from Mr. Weglartz. Thank you, Judge. The sole issue before you is, what is the appropriate standard to apply to this case? As you know, this is an appeal based upon the failure to grant qualified immunity. So the only thing that they can argue is, there's a legal problem here. Is this the Fourth Amendment that applies, or is it the 14th Amendment that applies in this seizure case? The court, as was represented by Judge Donald, the trial court did find that, when looking at all the facts in this case, there was a question of fact as to whether the Fourth Amendment was violated. What is the factual question that is material to the outcome of a Fourth Amendment issue in this case? Well, I mean, the standard is, was the conduct, was the seizure objectively reasonable under the circumstances? I mean, when we speak, when we ask that question, we're usually talking about whether there was a sufficient basis for the seizure, whether there were sufficient grounds, probable cause, reasonable suspicion, et cetera. We're usually, in my experience, admittedly limited, we're usually not talking about, was it done carefully? So I kind of go back to my original question. What, in your mind, is the factual question that remains, that is out there, upon which some Fourth Amendment issue turns? Whether it's reasonable under the circumstances. Whether the seizure. What's reasonable? The seizure. Whether he had enough grounds to suspect that your claim. No, we are not challenging that. I will submit to the court that Officer Ernst certainly had probable cause to engage in initial stop in detention. But the issue here is, under these circumstances, was that seizure appropriate? I mean, as Judge Donald pointed out, we have an officer who, for whatever reason, decides to stop a 17-year-old teenage child in the middle of a 45 mile per hour highway. He's in there for some time. The teenager had put himself there. But I mean, I'm just trying to understand the legal framework that we're dealing with here. So normally, in Fourth Amendment cases, we're asking, was there a sufficient basis to seize? Was there enough suspicion of criminal activity to stop, to take away the person's liberty? Number one. I'll just get through it. And number two, in some cases, did the officer apply excessive force? Now, to my understanding, we don't have a claim that the officer applied excessive force. It's undisputed the officer had sufficient grounds to stop your client. And so it seems to me that you're arguing that he was negligent in the manner in which he seized him. Is that mistaken? Yes. I think we're kind of playing semantics with respect to excessive force. Yes, we are. The officer has to apply excessive force, not another driver. Oh, no. It's under the circumstances. Was this stop and seizure under the circumstances objectively reasonable? Are we talking, are you saying the officer applied excessive force? Under the circumstances? Or are you saying that the seizure was unreasonable? He didn't have grounds for the seizure. I mean, excessive force and stopping are two different things under the Fourth Amendment. And if I could ask this. Yeah, please. What is the excessive force that you allege the officer engaged in or committed? What we argue is it is objectively unreasonable to stop a 17-year-old in the middle of a highway knowing that there's oncoming vehicles. Are you saying that the stop itself constituted force? Under the circumstances. Not the stop in and of itself. He's allowed to stop. But to hold someone out in front of a moving car that's moving 45 miles per hour. He didn't do that on purpose, though. He didn't use the, there's no allegation he intentionally put your client in the path of the vehicle. Oh, there is. No, I mean with specific intent of having him hit by the vehicle. He intended to have him there. He claims that he kept looking down the road. He would have seen the oncoming vehicle. The standard again is, is it objectively reasonable? Now here's, I want to jump more to the legal analysis before I run out of time. What standard applies really depends upon the status of the plaintiff at the time of the seizure. When you look at Phelps, when you look at Graham, what they make clear is, look, if you have a plaintiff who's a free person at the time of the seizure by the police officer, then that seizure will be subjected to the Fourth Amendment standard, which is a much lower standard, obviously, than the Fourteenth Amendment standard. I just have to show that the conduct is objectively unreasonable. Phelps and Graham State, you know, if you have a plaintiff who is a convicted prisoner and you have a police officer engaging in a seizure, well, because this person is a convicted prisoner, you have, you're subjected to the Eighth Amendment. You have to show deliberate indifference. That is a much higher threshold. Wouldn't the analogy, though, be more appropriate if you were talking about a pre-trial detainee as opposed to a convicted prisoner? Very good point. The pre-trial detainee falls in between. When we have someone who's a free person who is walking on the streets and all of a sudden is engaged by a police officer who's doing his ordinary traffic stops, law enforcement things, that invokes the Fourth Amendment. When we have the other extreme. As to what, though? That's what I'm trying to get at. As to whether that stop, that seizure, is objectively reasonable. In what sense? Whether he had adequate grounds or whether he's following a duty of care? Whether the force and the manner that he applied it under the circumstances was reasonable. So you're saying there's a duty of care. I mean, that's what you're saying. To be objectively reasonable under the circumstances, yes. Now, let me ask you a question. I mean, because the officer had to violate the clearly established rights of your client, right? Qualified, I mean. What case establishes the sort of duty of care, clearly establishes, for our purposes, that an officer has a duty to be reasonably careful in the manner in which he seizes somebody? There's cases all over. Such as? That the officer has a duty to be careful. As to the seizure, for a seizure to be reasonable, it's not just I had probable cause, reasonable suspicion. It's also you have to be careful in the manner you do it. What case? No question. For example? What cases would you cite us to? There's the Shreve case. There's the Griffith versus Coburn case, which says, the Sixth Circuit clearly establishes the right of people who pose no safety risk to the police to be free from gratuitous violence during the arrest. Isn't that an excessive force, though? That's an excessive force holding, not? It's a Fourth Amendment holding. But the Fourth Amendment isn't this monolith. It has different components. If I may, if I may, here's where I want to try to illustrate this. I think there's an unpublished case out there, but it provides great guidance. It is a Sixth Circuit decision. It's not in the brief. I will provide a letter of supplemental authority to formally apprise you of it. But I can tell you right now, it's the George versus State of Michigan case. Sixth Circuit, 63 Fed APPX 208, 2003 US App Lexus 7949. In that case, we have two state troopers who pull over a motorist because this motorist is speeding and swerving in and out of the lanes. They pull over this motorist. This motorist is on the expressway. The motorist is pulled over on the service drive. And the officers approach this person and decide they're going to do a field sobriety test up on the sidewalk right next to the service drive. While they're doing the sobriety test, all of a sudden, another motor vehicle starts speeding, starts coming through the entrance of the service drive, and careens out of control, starts sliding along the sidewalk near the side of the road, and unfortunately, hits the plaintiff while she's out there getting the sobriety test. And unfortunately, she's killed. Now, in that case, it's somewhat similar to what happened here. In that case, even the plaintiff alleged a 14th Amendment claim and nothing else, saying, look it, you placed the decedent in your custody, Mr. Officer, and you know what? You have a duty of care. You have to protect her. You didn't do that because you conducted the test in the service drive. We submit that that's dangerous. Is that a Fourth Amendment holding? Yes, it is. And that's why it's ruled. But I'm still scratching my head as to what. Let me finish. It's an unpublished case. And we need clearly established law in the circuit that the officer had a duty to be reasonable in the manner in which he conducted the seizure, not that he had a duty to abstain from excessive force because there wasn't any here. I mean, it might have been a reason. I'm sorry, go ahead. The cases that I read off for you, when you say that you have to be objectively reasonable under the circumstances, that is the 101 criteria. As to what, though? I mean, as to his own infliction of force or the manner in which he, you know. To keep your subject free from excessive force. OK. Now, in the George v. State of Michigan case, the defendant made that argument. Look it, you can't subject us to the Fourth Amendment standard because we didn't engage in excessive force. We were just doing a sobriety test out in the street. How can you claim that we did excessive force? True, here comes a motorist careening out of control. That hit the person. But why does that now turn into a Fourth Amendment standard? And here's what the court said. They said, look, when you look at Graham, Graham tells us that all claims that police officers have where they're accused of using excessive force in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its reasonablest standard. The court went on to state here, they said, look it, while the estate in this case is not alleging that the troopers used excessive force, but instead they claim that the troopers exhibited deliberate indifference to plaintiff's well-being, that distinction is immaterial to our analysis. When, as is the case here, the conduct of which the plaintiff complains is committed by an officer in the usual course of a law enforcement official's arrest, investigatory stop, or other seizure, we analyze it under the strictures of the Fourth Amendment. They applied the Fourth Amendment. And they went on to further state, they said, look it, when you pull somebody over like they did here, everybody agrees this is a seizure within the meaning of the Fourth Amendment. And then they state the fact that the plaintiff was also struck by a vehicle operated by a third party does not alter that characterization. And they go through the analysis. Now, they did find factually that there was no Fourth Amendment violation. But the facts of that case are different than the facts of this case. Judge Tarnow already ruled, he said, look it, I think in your case, the fact that you have an officer who didn't turn on his flashers, was trying to surprise your person, he concealed the fact that it was a police car in the middle of the road, that's foreseeable. In the George case, the court found just the opposite. They said, look it, we think this seizure under the Fourth Amendment was objectively reasonable because just because they were doing a sobriety test near the curb, they had the emergency flashers on. It was unforeseeable to them that a few minutes later, someone would be careening out of control and hit this person. Unlike the case here. He seized this officer. I'm sorry, I had to get used to the video. She wants to ask a question. Yeah, counsel, I may have misunderstood this. Of course, when you start talking about standards, I assume that you're talking legal standards there. And I understand what the district court did was to say that there was no qualified immunity because there is a dispute of material fact. Now, when a trial judge says that, it's not whether these facts are reasonable or unreasonable. A dispute of fact that's material to the case is your side says one thing with regard to the facts, and the other side says something different and puts the facts in conflict. And so I don't understand what the dispute of fact in this case is. The Judge Tarnow didn't say what it is. And if you could help me figure that out, I'd appreciate it. Sure. What we claim is that Mr. Lombardo is calmly walking across the road. He is then, all of a sudden, out of the blue, approached by a speeding police car with no overhead flashers on. The officer yells for him to stop in his tracks. Have you gotten to the dispute yet? Yes, they're claiming, look it, he tried to run, he tried to flee, he wasn't cooperative. We say he was very cooperative. He listened exactly what the officer said. He said, stop right there. He did. He stopped in the very middle of the road. He waited for the officer to get out. The officer tried to handcuff him. They try to say that he was trying to flee. The officer had no choice but to try to apprehend him right there. They even tried to argue that the officer was in the process of walking him back to the car when this car came down and hit him. We say no. Mr. Lombardo testified and said, I was standing right there. If you look at, and I never moved, if you look at the videos, you will see Officer Ernst demonstrate on the video exactly what he was doing, where he was standing. They dispute that. They claim he was behind the patrol car at the time. But the disputes, counsel, also have to be material to the question that's at issue, to the legal claim that's at issue. How is it material whether he's resisting a little or not? Well, I think it's material because if he's resisting, then there's no choice for the officer. He can argue, I was stuck by having this stop, this arrest take place in the middle of the highway because I couldn't control the subject. Here, the subject was listening to his every command. It's like stopping someone in the middle of the railroad tracks with knowing an oncoming train is coming. So you're telling me that the dispute of fact that's material here is whether or not your client was resisting and the officer was unable to take whatever reasonable action that he should have taken. Is that where it comes from? I suppose, and maybe you should ask defense counsel that. Because I think when you look at all of our facts, I don't think there's really any dispute that this is an egregious set of circumstances with an arrest where you physically restrain someone, you decide to do an arrest in the middle of a highway, and you can see lights of oncoming traffic coming. That is egregious. Their argument is they try to get out of that because they know that's a bad set of facts. That's almost like intentionally holding somebody out there, sticking them out there, until such time as the car approaches. Do you have any further questions, Judge Daughtry? I don't, thank you. OK. Judge Dunn? All right, thank you for your argument, your rebuttal. Briefly, Your Honor, I'll go in somewhat order, if I can. The George case that was cited by plaintiff, I've read that case. It's an unpublished decision, first of all. Second of all, there's a- You didn't know that case was going to be argued today, I guess, huh? I didn't know it was going to be argued, but I'm happy to-      But I didn't know it was going to be argued. I'm happy to read it. OK. The interesting part about that case is there was a very, very strong concurrence in the opinion that was written. I can't remember the judge that wrote it, but stating the analysis is a 14th Amendment analysis, and they did not agree, that judge did not agree that it was a 4th Amendment analysis. In fact, the only reason that judge went along with that opinion was simply because the facts and the outcome were the same because there was no 4th, there was no 14th. Concurred in the opinion and the result only, not in the reasoning behind the opinion. In fact, I suggest to you that the concurrence is far stronger and actually goes along with the Brady v. Davis analysis and the rest. And the duty to care argument that you brought up, Judge Kethledge, is important because the duty of care is the duty of care to make sure this individual, not insure it, but to protect the individual from an accidental harm. That's a 14th Amendment claim all day, all night. That's what that is. And you're right, the distinction that can't be parsed here is if you put this under the 4th Amendment, what are you really looking at? You're looking at an argument that says, well, anytime an accident befalls somebody during an arrest, that's a 4th Amendment violation. We're going to put that under the subjectively reasonable standard as opposed to the accidental injury standard of the 14th, which is this shocks to conscience, deliberate indifference standard, which is much higher. And if you think about the chilling effect that has on qualified immunity as a whole, qualified immunity is intended to protect an officer from this type of, frankly, error, if it's an error. I mean, it's probably a dumb move not to put his rollers on. Well, it depends. Arguably, arguably. It's arguable, but from the question of fact argument that Mr. Wegler just likes to state, he comes up here and he says what the questions of fact are, but they're not. You've read the briefs, you know that they're not an issue. My officer didn't say he was resisting. My officer said he turned and said, what's going on? Why am I being arrested? And the officer was holding on to a wet shirt. And he said, you know what? Wet shirt, guy's already been a jackrabbit and running. I'm going to put handcuffs on him. That's his discretionary tactic. You're asking to go 20-20 hindsight, second guess is off the officer's decision to try to surprise him after knowing full well that the officer was told that he was looking for a pickup vehicle, knowing full well that the officer was told that this guy's going to run as soon as he sees you, and the officer tries to do his best, sees the guy coming out of the woods, comes up, parks in the middle of the roadway. Mr. Lombardo's testimony, for what it's worth, the guy claimed he was in the road for 10 minutes. He kept walking. It's on the video. It's undisputable. He walked into the darkness. The officer jumps out of the car and within that 30 seconds, that small window of opportunity to get him detained and taken back to the car, they get hit. There's no, there is no basis in fact or argument to say that Officer Lombardo went like this and put him in the roadway and said here, there's a car coming and I know it. And he said that. He said, well, he knowingly put him in the roadway for a car to hit him. He knew the car was coming. Really? Officer Lombardo got hit too. He was off for a month of work. This wasn't a simple glancing off of the windshield. He got hit hard. He's on the ground. In fact, Officer Lombardo gets up and what does he say on tape? He got it worse than me. Deal with him first. That's what Officer Lombardo said. And that he's being called to the carpet under a Fourth Amendment standard that he shouldn't be. And even if it is under a Fourth Amendment, which it is not, but even if it is, Judge Tarnow, under these facts, there's no disputed facts. And Judge Daughtry, you got it right. There's no dispute here. The facts are pretty simple. It was objectively reasonable for him to conduct the stop in the manner in which he sought to do. It's within his discretion to do so. And it requires a lot of 20-20 hindsight, a lot of supposition to say that it's wrong. And that's not what this court's supposed to do in even a Fourth Amendment analysis. And Judge Kethledge, finally, the last part. You're absolutely right. There's not a case on point that does this blurring. What Mr. Weglarz stated was that under the Land Amendment and the Phelps decisions, you look at the Fourth or the Eighth and depending. In an excessive force case, that's correct because the abuse to a prisoner is considered to be abuse that is unreasonable punishment. Whereas abuse in an excessive force case in the Fourth Amendment is dealing with the wrong of the stop. So you look at the two. You're not saying, though, that there could not be a set of facts where the injuries inflicted by a third party could create liability for the officer under the Fourth Amendment. You're just saying this is not that set of facts. Is that correct? I'm saying that if it's a duty of care for purposes of a third party not knowing that an injury is going to occur in an accident, as you're putting it, that falls under the Fourteenth Amendment. It is not a Fourth Amendment. The other question I ask you, though, is you're not saying that there could not be a set of facts where the injury afflicted by a third party to one in police custody could not create liability under the Fourth, but you're saying that this is not that set of facts. This is not that set of facts. That's the question. Thank you. All right. Thank you for your arguments. Case to be submitted. Thank you both. You got five seconds. The trial court did state, said, a surprise to one is a surprise to all. And what he meant was he tried to go up there with no lights on, no flashers, with a blinding spotlight to oncoming traffic. He surprised Green. Green testified, I didn't see it. I didn't know it was a police car. All right. We understand. Thank you. It was foreseeable. Thank you. Clerk may call the next case.